**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-40957
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUADALUPE MACHADO-SARMIENTO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-981-2

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Machado-Sarmiento (Machado) appeals the 80-month sentence he received following his conviction by jury of conspiracy to import more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 963, importing more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 952(a), conspiracy to possess with the intent to distribute more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 846, and possession with the intent to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribute more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a). For the first time on appeal, he argues that the district court erred in assessing an aggravating-role enhancement and that the sentence imposed was unreasonable.

Machado did not receive an aggravating-role enhancement. Accordingly, his claim that the district court erred in assessing such an enhancement is factually frivolous.

Machado's newly raised challenge to the reasonableness of his sentence is reviewed for plain error only. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007)*, cert. denied,* 128 S. Ct. 2959 (2008). To demonstrate plain error, Machado must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Machado has not demonstrated any error, plain or otherwise. Contrary to his assertion, the sentencing transcript reflects that the district court considered the 18 U.S.C. § 3553(a) factors and provided an explanation for its sentence. Moreover, because the court imposed sentence within the correctly calculated guidelines range, this court will infer proper consideration of the § 3553(a) factors. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Additionally, the within-guidelines sentence imposed is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Machado's new claims that the sentence is "grossly disproportionate to [his] conduct" and "not reflective of sentences for other defendants engaged in similar conduct" are wholly conclusional. To the extent that his arguments are based on the erroneous assertion that he received an aggravating-role enhancement, they arguments are factually flawed and without merit.

The district court's judgment is AFFIRMED.  The Government's motion for summary affirmance is DENIED as moot.